UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE LUMBER, INC., a California corporation, </br></br>　　　　　　Plaintiff,</br></br>　　v.</br></br>HAROLD TAECKER, an individual, and GERALDINE TAECKER, an individual,</br></br>　　　　　　Defendants.</br></br>AND RELATED COUNTERCLAIM AND THIRD PARTY COMPLAINT. | NO. CV S-02-186 GEB GGH</br></br></br></br>ORDER |

　　　　Pending are cross-motions for partial summary judgment. On March 4, 2005, Defendants and Counter-claimants Harold and Geraldine Taecker ("Taeckers") filed a partial summary judgment motion on Plaintiff Adobe Lumber, Inc.'s ("Adobe") 42 U.S.C. § 9607 ("§ 107") and § 9613 ("§ 113") claims, which are alleged under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 ("CERCLA").[1] The Taeckers argue Adobe

---

[1] On March 5, 2005, Third Party Defendants Wells Fargo Bank, N.A., and F. Warren Hellman as Trustees of Trust A created
(continued...)

1

cannot assert a claim under § 113 because the recent Supreme Court ruling in Cooper Indus., Inc. v. Aviall Servs., Inc., ___ U.S. ___, 125 S. Ct. 577, 584 (2004) ("Aviall"), forecloses a § 113 claim where the private party has not been subject to a civil action under CERCLA. Adobe concedes the correctness of the Taeckers' position. Therefore, Adobe's § 113 claim is dismissed.

The Taeckers also argue Adobe's pled § 107 claim is not actionable because of case precedent that precludes Adobe from pursuing a joint and several theory of liability. Adobe agrees with the Taeckers; therefore, Adobe's claim for joint and several liability under § 107 is dismissed.

However, Adobe argues that it is not prevented from pursuing a recovery action on some form of liability other than joint and several. On March 18, 2005, Adobe filed a motion for partial summary judgment in which it seeks to establish the Taeckers' liability under § 107 "for costs incurred by Adobe to respond to the release of the hazardous substance perchloroethylene . . . from the Taeckers' former dry cleaning facility . . . at the 'Woodland [Shopping] Center' . . . -- a small strip mall in downtown Woodland, California that Adobe currently owns." (Pl.'s Mem. Supp. Pl.'s Cross-Mot. Partial Summ. J. at 1.) The Taeckers counter that this motion is untenable because it erroneously assumes that Adobe has pled a § 107 contribution claim. The Taeckers also argue the motion fails because Adobe has not shown compliance with the National Contingency Plan.

---

[1](...continued)
by the Estate of Marco Hellman, and F. Warren Hellman as Trustee of Trust B created by the Estate of Marco Hellman, joined in the Taeckers' motion for partial summary judgment.

1         Adobe rejoins it has sufficiently pled a contribution claim,
2  arguing:
3         The Taeckers have known for nearly three years
           (the Complaint was filed January 22, 2002) that
4          Adobe seeks to recover all or a portion of its
           response costs from them in this action as
5          permitted under CERCLA and state law.  That one of
           Adobe's claims pleads a *higher* standard of
6          liability than the standard of liability the
           Taeckers actually face in this action cannot
7          reasonably be claimed to have caused prejudice.
8  (Pl.'s Reply Br. Supp. Cross-Mot. Partial Summ. J. at 16.)
9         Adobe's Complaint sufficiently provided notice to the
10 Taeckers that Adobe seeks contribution under CERCLA.  But the parties
11 dispute whether Adobe's contribution claim is now actionable in light
12 of the Supreme Court's holding in Aviall.  Aviall does not foreclose
13 Adobe's contribution claim since the Supreme Court did not rule on
14 whether contribution is available under § 107.  Aviall, 125 S. Ct. at
15 586 n.6 (stating "we do not address whether a § 107 cost recovery
16 action by Aviall" may be actionable under "some form of liability
17 other than joint and several").  Thus, Ninth Circuit precedent governs
18 this issue.  The Ninth Circuit observed in Pinal Creek Group v.
19 Newmont Mining Corp., 118 F.3d 1298, 1301 (9th Cir. 1997), that "the
20 essence of a claim for contribution . . . is imbedded in the text of
21 § 107."  Pinal Creek was explained in Western Properties Service Corp.
22 v. Shell Oil Co., 358 F.3d 678, 685 (9th Cir. 2004), as follows:
23 "Pinal Creek held that the enactment of § 113 in 1986 did not replace
24 the implicit right to contribution many courts recognized in § 107(a);
25 rather, § 113 determines the 'contours' of § 107, so that a claim for
26 contribution requires the 'joint operation' of both sections."  Thus,
27 in the wake of Aviall, Adobe's § 107 claim is construed as it was
28 before the congressional enactment of § 113.  See Pinal Creek, 118

3

F.3d at 1301 (stating that "[t]he legislative history behind § 113(f) also supports the conclusion that, in enacting that provision, Congress was only confirming and clarifying an existing claim for contribution under § 107."). Therefore, the Taeckers' motion for partial summary judgment on Adobe's § 107 contribution claim is denied.

Adobe's motion which seeks to establish the Taeckers' liability is denied because it did not address all the elements of a § 107 contribution claim. See <u>Carson Harbor Vill., Ltd. v. Unocal Corp.</u>, 270 F.3d 863, 870 (9th Cir. 2001).

IT IS SO ORDERED.

Dated: May 24, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge