THOMAS M. DONNELLY (Bar No. 136546)
MATTHEW K. NARENSKY (Bar No. 215604)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Third Party Defendants
Wells Fargo Bank, N.A., and F. Warren Hellman as
Trustees of Trust A created by the Estate of Marco
Hellman, and F. Warren Hellman as Trustee of Trust B
created by the Estate of Marco Hellman

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| ADOBE LUMBER, INC., a California corporation,<br><br>                                      Plaintiff,<br><br>     v.<br><br>HAROLD TAECKER, an individual,<br>GERALDINE TAECKER, an individual,<br><br>                                      Defendants.<br><br>AND ALL COUNTER, CROSS AND<br>THIRD PARTY ACTIONS | Case No.: CIV.S-02-0186 GEB GGH<br><br>**STIPULATION AND [PROPOSED] ORDER DISMISSING ESTATE OF MARCO F. HELLMAN, DECEASED, WELLS FARGO BANK AND F. WARREN HELLMAN AS TRUSTEES, AND WOODLAND SHOPPING CENTER, A LIMITED PARTNERSHIP, FROM SECOND AMENDED THIRD PARTY COMPLAINT** |

## STIPULATION

This Stipulation is entered into by and among Defendants and Third-Party Plaintiffs

Harold and Geraldine Taecker (the "Taeckers"), Third Party Defendants Wells Fargo Bank,

N.A., and F. Warren Hellman as Trustees of Trust A created by the Estate of Marco F.

Hellman, and F. Warren Hellman as Trustee of Trust B created by the Estate of Marco F.

Dockets.Justia.com

1  Hellman (the "Trustees"), and Third Party Defendant Woodland Shopping Center, a limited

2  partnership ("WSC").  The Taeckers, the Trustees, and WSC shall be referred to

3  individually as "Party" or collectively as the "Parties" in this Stipulation.

4      WHEREAS, in its May 24, 2005 Order on the cross-motions for summary judgment

5  filed by Plaintiff Adobe Lumber, Inc. ("Adobe") and the Taeckers (the "Order"), this Court

6  dismissed Adobe's claim against the Taeckers under section 113 of the Comprehensive

7  Environmental Response, Compensation and Liability Act, 42 U.S.C. section 9601 *et seq.*

8  ("CERCLA"), and limited Adobe's claim against the Taeckers under section 107 of

9  CERCLA to a claim for contribution.

10      WHEREAS, following receipt of the Order, counsel for the Trustees and WSC

11  presented counsel for the Taeckers with their proposed motion for summary judgment.  That

12  motion would have sought dismissal of the Taeckers' claims asserted against the Trustees

13  and WSC in the Taeckers' Second Amended Third Party Complaint filed in this action on

14  February 20, 2003, on the grounds (among others) that the Taeckers no longer had any

15  CERCLA or state law contribution or equitable indemnity claims against the Trustees or

16  WSC as a matter of law given the Court's Order limiting Adobe's section 107 claim to a

17  claim for contribution.

18      WHEREAS, after reviewing the Trustees' and WSC's proposed motion for summary

19  judgment, the Taeckers have agreed to dismiss the Trustees and WSC from the Second

20  Amended Third Party Complaint, on the following terms and conditions.

21      NOW, THEREFORE, in light of the foregoing Recitals, and pursuant to Fed. R. Civ.

22  Proc. 41(c), the Parties stipulate as follows and jointly request that the Court enter the

23  following Proposed Order:

24      (1)  Third Party Defendants the Estate of Marco F. Hellman, Deceased, Wells Fargo

25  Bank, N.A., and F. Warren Hellman as Trustees of Trust A created by the Estate of Marco

26  F. Hellman, F. Warren Hellman as Trustee of Trust B created by the Estate of Marco F.

27  Hellman, and Woodland Shopping Center, a limited partnership, are hereby dismissed from

28  the Taeckers' Second Amended Third Party Complaint with prejudice as to the claims

2

asserted in the Second Amended Third Party Complaint, except as provided in paragraph (2) below, with each Party to bear its own attorneys' fees and costs.

(2)  The dismissal set forth in paragraph (1) above shall not constitute or be construed as a determination of any issue of fact between the parties still remaining in this action, including, without limitation, any issue concerning the causes, sources and/or extent of any environmental contamination found at the Woodland Shopping Center property that is the subject of this action (the "Site").  Moreover, the dismissal set forth in paragraph (1) above shall be without prejudice to the Taeckers' right to seek recovery from the Trustees and/or WSC of any "response costs" (as that term is defined under CERCLA) that the Taeckers might incur in the future with respect to the Site.

IT IS SO STIPULATED.

DATED: June __, 2005            HELLER EHRMAN LLP


By _____
   THOMAS M. DONNELLY

Attorneys for Third Party Defendants
Wells Fargo Bank, N.A., and F. Warren Hellman,
Trustees

DATED: June __, 2005            DOWNEY BRAND LLP


By _____
   STEVEN H. GOLDBERG

Attorneys for Third Party Defendant
Woodland Shopping Center, a limited partnership

3

STIPULATION AND ORDER DISMISSING HELLMAN ESTATE, TRUSTEES AND WOODLAND SHOPPING
CENTER FROM SECOND AMENDED THIRD PARTY COMPLAINT
CASE NO. CIV.S-02-0186 GEB GGH

DATED: June __, 2005          LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____
          BRIGITTE M. MAYO

Attorneys for Defendants and Third Party Plaintiffs
Harold and Geraldine Taecker


## [PROPOSED] ORDER

Having considered the foregoing Stipulation, and good cause appearing therefor,

IT IS SO ORDERED.

DATED:  June 7, 2005

_____
          /s/ Garland E. Burrell, Jr.

1.                              GARLAND E. BURRELL, JR.

                               United States District Judge

6/7/05 10:45 AM

4

STIPULATION AND ORDER DISMISSING HELLMAN ESTATE, TRUSTEES AND WOODLAND SHOPPING
CENTER FROM SECOND AMENDED THIRD PARTY COMPLAINT
CASE NO. CIV.S-02-0186 GEB GGH